## No 200
### MD. CASUALTY CO. v. CITIZENS BANK

Error to Court of Appeal, Noble County
No. 18364. Motion for Order to Certify Record
Filed in Supreme Court Feb. 5, 1923. 2 Abs. 131
Published Only in Ohio Law Abstract

**58. BONDS—Right of subrogation of surety.**
Action to recover money, commenced in

## OHIO SUPREME COURT—Continued

Noble county Common Pleas, in which the Casualty Co. was plaintiff and the Bank was defendant. The parties are here found in the same relative positions the they occupied in the trial court.

In 1916, the firm of G. & G. contracted to build a road for the State of Ohio. They furnished a bond, as required by law, with plaintiff as surety. The firm of G. & G. was indebted to defendant bank on certain notes which were secured, as early as July 25, 1917, by assignment of all estimates arising out of the paving contract. G. & G. purchased cement from the firm of C & B. and used it in the construction of the road. On or about Dec. 5, 1917, G. & G. gave defendant a warrant on the treasurer of Knox county for the balance due on account of the road building. Defendant applied the proceeds of the warrant first to the payment of the notes of G. & G. and credited the balance to their account. On Dec. 6, 1917, G. & G. gave a check drawn on defendant to C. & B. in payment of the cement. The check was presented on Dec. 12, 1917, and payment refused because of insufficient funds. C. & B sued G. & G. and this plaintiff and recovered a judgment which was paid by plaintiff.

This action was to recover the amount of the said judgment.

The Common Pleas found for defendant.

The Court of Appeals affirmed the Common Pleas.

Plaintiff seeks to reverse the two lower courts on the ground that the warrant given to defendant represented a percentage of the estimates retained by the state, according to law, for the protection of the obligee as against the possible claims of labor and material men; and that as surety on the bond of G. & G. plaintiff had an equity in this fund which equity was superior to the claim of defendant.

Attorneys—Williams, Sinks and Williams, for Casualty Co.